Bradbury, J.
The contention of counsel for plaintiffs in error is, that the stipulation in the note that the semi-annual installments of interest, if not paid when due, should bear interest at the rate of eight per cent, per annum, renders it usurious on its face, and that therefore only six per cent, interest can be recovered in an action on it. If that view is *347 ■correct, the demurrer ought to have been sustained, for, then, the admitted payments would have satisfied the note. The ■first section of the act of May 4th, 1869, (66 Ohio L. 91), provides: “ That the parties to any * * * promissory note * * * for the forbearance or payment of money at any future time, may stipulate thereon for the payment of interest upon the amount thereof at any rate of interest not exceeding eight per centum per annum payable annually.” This státute was under consideration in Cook v. Courtwright, 40 Ohio St. 248, and the court there held, first, that _ a promissory note is not usurious though it contain a stipulation for the semi-annual payment of interest at the rate of eight per cent, per annum; and second, that the ■semi-annual installments of interest will bear interest at the rate of six per cent, per annum from the day they fall due, but form no part of the interest stipulated for “ upon the amount of the note.” This decision has become a rule of property, and we see no sufficient reason to disturb it now ; and it furnishes a rule by which the rights of parties to this action can be ascertained. It establishes the doctrine that the payee of a promissory note may receive at the end of the year, as interest, a sum of money equal to eight per centum on the face of the note, with six per centum for six months on the first installment of interest added thereto. Therefore, the fact that it is apparent on the face of a promissory note that it will earn in any one year, as interest, a sum of money greater than eight per cent, on the princip.al sum, will not necessarily render it usurious. The court says in that connection (40 Ohio St. 251), “ no part of that six per cent, interest would be interest upon the principal named in the note.” This is equally true of the note here, and the only difference in this respect is, that in that case the unpaid installment bears interest at six per cent, and in this case at eight per ■cent. In either case the promissory note on its face earns more than eight per cent, per annum on the principal.
It is said, however, that in the case here, there is an express stipulation for interest on the several, installments of interest as they respectively fell due, whilst in the case of Cook v. Court- *348 wright, supra, there was none, but that the installment bore interest by operation of law; and this distinction seems to have’ been in the mind of the judge who wrote the opinion in that-case; but it does not appear to be the principle on which the case turned. The j udge there must have referred to an express-' stipulation, for surely the interest on the installment in that case was the result of the stipulation for the semi-annual payments of interest. If there had been no such stipulation, there-could have been no interest on interest. And it can not be-important whether the interest on the installments resulted from an express stipulation for its payment, or necessarily, by operation of law, from another stipulation; in either case the result was apparent on the face of the paper.
It is not unlawful for a party to stipulate to do a thing, performance of which the law would compel him to make if no-stipulation was made. Therefore, to expressly agree to pay six per cent, interest per annum on a semi-annual installment of interest would be lawful, although it might be useless. If this rate could be contracted for, why not a lower rate; and if a lower rate, why not a higher one, so the statutory limit of eight per cent, per annum on the sum, payment of which was forborne, was not exceeded? Take another view of. the subject: If the first installment had been paid, it is clear that a new loan could have .been made between the parties of the money at the rate of eight per cent, per annum. If it was not paid, a right of action to recover it would at once accrue to the payee; and we think it clear the parties would be clothed with full power, under the statute, to stipulate for its payment at a future day with interest at eight per cent, per annum. If this can be done after default made in the payment of an installment, no reason is apparent why the parties in the first instance might not anticipate and provide in advance for the contingency of a default. This we think may be done, and is what the pai'ties to the note, in fact, did in the case before us.

The judgment of the circuit court is therefore affirmed.